*So Ordered*
*3/30/2011*
[Judge's signature]

RECEIVED
MAR 30 2011
US BANKRUPTCY COURT
DISTRICT OF UTAH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re<br>JOHN KUHNI SONS, INC.<br>xx-xxx8577<br>P.O. Box 15<br>Nephi, UT 84648<br>Debtor. | Bankruptcy Case No. 10-29038 RKM<br>(Chapter 11) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On March 30, 2011, this Court held a hearing to consider confirmation of the Debtor's Amended Plan of Reorganization (the "**Plan**") filed on February 23, 2011, as modified on March 30, 2011. Adam Affleck and Ted Cundick appeared on behalf of the Debtor, John Kuhni Sons, Inc. ("**Kuhni**"). David Leta appeared on behalf of JP Morgan Chase Bank, N.A. and its affiliates. George Pratt appeared on behalf of Wells Fargo Equipment Finance. David Williams appeared on behalf of the Official Unsecured Creditors' Committee. Kim Wilson appeared on behalf of Paccar Financial Corporation ("**Paccar**"). John Morgan appeared on behalf of the United States Trustee. All other appearances were noted on the record.

The Court considered the Plan, Kuhni's disclosure statement previously approved by the Court, the ballot summary, the testimony of witnesses, the representations of

counsel made at the hearing, and the facts and circumstances of the case. The only timely filed objection to confirmation having been resolved, this Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Kuhni is the corporate debtor and debtor-in-possession in the above-referenced case, having filed a voluntary petition on July 3, 2010.

2. The Court fixed March 24, 2011 as the last day to object to the plan or timely return ballots to Kuhni's counsel, pursuant to Fed. R. Bankr. P. 3017(c) and 3018(a).

3. The only timely-filed objection to confirmation was filed by Paccar on March 7, 2011. It has since been resolved through a plan modification.

4. Bankruptcy Code § 1129 contains the standards for confirmation of a plan under Chapter 11.

5. Section 1129(a)(1) requires a plan to comply with the applicable provisions of Title 11. Sections 1122 and 1123 govern proper classification of claims and interests, and other elements either required or permitted in confirmable plans. The plan complies with the applicable provisions of Title 11, as required by § 1129(a)(1), for reasons including the following:

   a. In designating classes U1 through U3 and S1 through S8 in Article 4 of the Plan, Kuhni has properly classified claims under §§ 1122 and 1123(a)(1).

  Pursuant to the terms of the Plan, Kuhni has classified its creditors into the following classes, each of which is an impaired class under the plan: U1, U2, U3, S1, S2, S3, S4, S5, S6, S7, and S8.

b.  The Plan does not include any non-impaired classes, and therefore complies with the requirement in § 1123(a)(2) that a plan specify any classes not impaired under the plan.

c.  The Plan properly specifies, in Article 4, treatment of impaired classes under § 1123(a)(3).

d.  The Plan complies with § 1123(a)(4), by providing for consistent treatment of similarly classified claims.

e.  The Plan complies with § 1123(a)(5), by providing in Article 7 of the Plan for adequate means of the Plan's implementation.

f.  The Plan complies with § 1123(a)(6), by including within the Plan a provision that compels Kuhni to amend its charter to prohibit Kuhni from issuing nonvoting equity securities and provides for an appropriate distribution of voting power among all equity-holders.

g.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders, and with public policy, with respect to the manner of selection of officers and directors and their successors, and therefore complies with § 1123(a)(7).

6. Section 1129(a)(2) requires the proponent of a plan to comply with all applicable provisions of Title 11. The Plan complies with § 1129(a)(2) for reasons including the following:

    a. Kuhni sought and received court approval of a disclosure statement referring to the Plan, by order entered February 24, 2011, as required by § 1125.

    b. The Plan, disclosure statement, and ballots were adequately served by Kuhni on all creditors, interest holders, and parties in interest on February 24, 2011, in compliance with the Court's order and the Federal and Local Rules of Bankruptcy Procedure.

    c. Kuhni did nothing to solicit votes in favor of the Plan without first providing creditors with a copy of the Plan and approved disclosure statement.

7. Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. The Plan complies with § 1129(a)(3) for reasons including the following:

    a. Kuhni has undertaken this bankruptcy case for the purpose of effecting a reorganization.

    b.    Kuhni desires to reorganize in order to continue operating the company for the benefit of unsecured creditors, employees, interest-holders, and other stake-holders.

    c.    Kuhni has proposed this plan in good faith.

8.    Section 1129(a)(4) requires that all payments made by debtors or their related entities for services or costs in connection with the case be approved by the Court. The Plan complies with the requirements of § 1129(a)(4) because all payments made by Kuhni or its insiders for services or costs in connection with the case have been, or will be, approved by the Court as reasonable.

9.    Section 1129(a)(5) requires disclosure of the identity and affiliations of any individuals proposed to serve as offices or directors of the reorganized debtor, and their salaries if they are insiders. The Plan complies with the requirements of § 1129(a)(5) for reasons including the following:

    a.    Exhibit B to the disclosure statement notes the identity and salaries of insiders continuing in the employ of Kuhni.

    b.    Paragraph 7.1 identifies the stock-holders of the reorganized debtor as Jeff Kuhni, Greg Kuhni, and Paul Kuhni.

    c.    Jeff Kuhni testified that he, Greg Kuhni, and Paul Kuhni will continue as officers and/or directors of the reorganized debtor.

10. Section 1129(a)(6) is inapplicable in this case because Kuhni's rates are not regulated by any governmental regulatory commission.

11. Section 1129(a)(7) requires that holders of claims receive at least as much as they would receive in a Chapter 7 liquidation. The Plan complies with §1129(a)(7) because each holder of a claim or interest in Kuhni will receive under the Plan, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive if Kuhni were presently liquidated under Chapter 7 of Title 11.

12. Section 1129(a)(8) requires a plan proponent to either obtain acceptances from a certain ratio of the votes submitted in each impaired class, or meet the additional requirements contained in §1129(b). Kuhni's Plan complies with §1129(a)(8) for reasons including the following:

    a. Kuhni has classified its creditors into the following classes, each of which is an impaired class under the plan: U1, U2, U3, S1, S2, S3, S4, S5, S6, S7, and S8.

    b. No ballots rejecting the Plan were received from any members of the following classes: U1, U2, S1, S2, S3, S4, S5, S7, and S8.

    c. Though 7 votes rejecting the Plan were received from members of the U3 class, the ballots rejecting constitute only 7 of 41 proper ballots in number,

and only 23.6% in amount. 34 of 41 proper class U3 ballots accepted the plan, constituting well over one-half in number and 76.4% in amount.

d. Kuhni has determined not to consider the U3 ballots of Westway Trading Corp. and Servco Industrial Products, because of questions surrounding the propriety and procedure for inclusion. The Court does not opine on the validity of the ballots received from Westway Trading Corp. or Servco Industrial Products, because the Court finds that whether the votes of these creditors are counted or not will have no effect on the ultimate result of the vote of the U3 class.

e. The S6 class is comprised of a single secured creditor, Paccar. Though Paccar voted against the Plan, the vote was changed upon Kuhni's submission of a modified plan at or shortly prior to the confirmation hearing as reflected in the record.

13. Section 1129(a)(9) requires that certain administrative and priority claims be paid in full on the effective date of a plan. The Plan provides for full payment of all administrative expenses and priority claims on or before the effective date of the Plan (or upon Court approval, if necessary), and therefore complies with § 1129(a)(9).

14. Section 1129(a)(10) requires that at least one impaired class accept the plan. As stated above, all impaired classes have accepted the Plan, in satisfaction of the requirement of § 1129(a)(10).

15. Section 1129(a)(11) prohibits confirmation of a plan that is likely to lead to a liquidation or further reorganization. The Plan satisfies the requirements of § 1129(a)(11) for the following reasons:

   a. Jeff Kuhni testified, and the Court finds, that the plan is feasible based on the likely income and expenses of Kuhni over the term of the Plan.

   b. During the pendency of the Chapter 11 case, Kuhni has managed to save some money to address unforeseen contingencies that might otherwise have forced a subsequent liquidation or reorganization.

16. Section 1129(a)(12) requires payment of all filing fees set forth in 28 U.S.C. § 1930 prior to confirmation. Kuhni has paid all filing fees due in this case.

17. Section 1129(a)(13) requires certain plan treatment for all retiree benefit obligations of the debtor. Kuhni has no retiree benefit obligations, either that arose prepetition or that arise under the Plan, and therefore § 1129(a)(13) does not bar confirmation of the Kuhni Plan.

18. Section 1129(a)(14) requires certain treatment of domestic support obligations. Kuhni is not liable for any domestic support obligations, and therefore § 1129(a)(14) does not bar confirmation of the Kuhni Plan.

19. Section 1129(a)(15) pertains only to individual debtors. Kuhni is a corporate debtor, and therefore not subject to the requirements of § 1129(a)(15).

20. Section 1129(a)(16) requires that all transfers of property under the plan be made in accordance with applicable non-bankruptcy law. All transfers of property under the Kuhni Plan shall be so made, and therefore the Kuhni Plan complies with the requirements of § 1129(a)(16).

21. A modification to the Plan was submitted to the Court on March 30, 2011 (the "**Modified Plan**"). The changes to the Plan contained in the Modified Plan were made in response to issues raised by particular creditors, to comply with the Bankruptcy Code, or to correct typographical errors. The changes are de minimis, and will not materially adversely affect creditors in the case. The Court therefore finds that the Modified Plan does not require any additional notice to creditors, and shall replace the Amended Plan filed February 23, 2011, and become the Plan, pursuant to the provisions of Article 13 of the Plan.

### Conclusions of Law

1. To the extent any of the above-stated facts are determined to be conclusions of law, they are incorporated as such; to the extent any of the below-stated conclusions are determined to be statements of fact, they are incorporated as such.

2. This Court has jurisdiction to consider confirmation of the Plan (which is a core proceeding) pursuant to 28 U.S.C. §157 and 1334.

3. Notice of the hearing on confirmation was proper and appropriate, as was notice of the deadlines to submit ballots or oppose confirmation of the Plan.

4. As to the classes wherein no creditors voted (U2, S1, and S7), the creditors silence is deemed acceptance of the Plan. *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1267-68 (10th Cir. 1988) ("[Because the entire class of creditors] did not object to the Plan at any time prior to its confirmation and because [the entire class of creditors] unilaterally opted not to vote on the confirmation of the Plan, the bankruptcy court did not err in presuming their acceptance of the Plan...").

5. Under § 1126(c) of the Bankruptcy Code, an impaired class is deemed to have accepted the Plan if class members holding at least two-thirds in amount and one-half in number of those voting vote in favor of the Plan. The votes of the U1, U3, S2, S3, S4, S5, S6 (per the change stated in open court), and S8 classes are sufficient to deem each such class to have accepted the Plan.

6. Hence, all classes under the Plan have accepted the Plan.

7. When a plan of reorganization satisfies each of the requirements of § 1129(a), the court shall confirm the plan without considering § 1129(b).

8. Based upon the above-stated findings of fact, the Plan complies with all the provisions of § 1129 and other Bankruptcy Code provisions incorporated thereunder.

Wherefore, the requirements for confirmation of the Plan are met, and an appropriate order will be entered confirming the Plan.

---

**-END OF DOCUMENT-**

## CLERK'S CERTIFICATE OF SERVICE

I certify that on the ___ day of _____, 2011, I served the foregoing on all parties whose names appear on the electronic mail notice list for this case, including the following:

Doyle S. Byers, counsel for Darling International, Inc.
doyle.byers@hro.com

Joseph M.R. Covey, counsel for WebBank
jcovey@parrbrown.com

David E. Leta, counsel for J.P. Morgan Chase Bank, N.A.
dleta@swlaw.com

David R. Williams, counsel for Harward & Rees, and the unsecured creditors committee
dwilliams@wklawpc.com

John T. Morgan, on behalf of U.S. Trustee
John.t.morgan@usdoj.gov

Adam S. Affleck, asa@princeyeates.com
T. Edward Cundick, tec@princeyeates.com
Counsel for John Kuhni Sons, Inc., debtor-in-possession and reorganized debtor

_____

G:\ASA\John Kuhni Sons, Inc\Ted's docs\ppd findings and concl_2.docx